**akerman**

Raymond J. Berti

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 259 6421
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6409

February 19, 2026

<u>**VIA ECF**</u>
The Hon. Hector Gonzalez
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    ***Shanice McDonald v. JetBlue Airways Corp.*, Case No. 1:25-cv-04797**

Dear Judge Gonzalez:

      We represent Defendant JetBlue Airways Corporation ("JetBlue"), and we write pursuant to Chief Judge Margo K. Brodie's Administrative Order 2025-14 and Your Honor's Individual Practices and Rules to submit this pre-motion letter in anticipation of filing a formal motion to dismiss *pro se* Plaintiff Shanice McDonald's ("Plaintiff") Amended Complaint. *See* ECF No. 8.

## I.    RELEVANT BACKGROUND.[1]

      Plaintiff was employed by JetBlue as a Ground Operations Crewmember at John F. Kennedy International Airport in Queens, New York, from April 2022 to August 2024. *See* Am. Compl., at ¶¶ 6, 12. Plaintiff does not describe this position, identify its essential functions, or allege she could perform those functions with or without a reasonable accommodation.

      In October 2022, Plaintiff allegedly sustained an on-the-job injury that resulted in a disability. *Id.*, at ¶ 7. However, Plaintiff does not identify this disability or describe how it limited any of her life activities and/or otherwise impacted her ability to perform the essential functions of a Ground Operations Crewmember. Nevertheless, Plaintiff alleges that JetBlue was aware of this disability because she filed a Workers' Compensation claim around this time. *Id.*, at ¶ 8.

      In March 2024, about 17 months later (during which JetBlue is not alleged to have taken any discriminatory or retaliatory actions), Plaintiff allegedly verbally requested an accommodation from her supervisor. *Id.*, at ¶ 9. Specifically, she purportedly requested light duty assignments, transfer to a less strenuous role, or medical leave of an indeterminate length. *Id.* However, Plaintiff does not provide any facts suggesting that these accommodation requests would have enabled her to perform the essential functions of her role or were otherwise reasonable. Nevertheless, Plaintiff alleges that, at unidentified times, JetBlue failed to engage in the interactive process and instead "denied or manipulated" her meal breaks and issued her "write-ups." *Id.*, at ¶¶ 9-10.

      On July 23, 2024, 4 months later, JetBlue suspended Plaintiff's employment. *Id.*, at ¶ 11. On August 23, 2024, JetBlue terminated Plaintiff's employment, which was communicated to her both verbally and in writing that same day. *Id.*, at ¶ 12, and Exhibit "B."

      On June 26, 2025, *307 days after her August 23rd termination*, Plaintiff filed an administrative charge of discrimination (the "Charge") with the Equal Employment Opportunity

---

[1]      For purposes of this letter, JetBlue will assume the truth of Plaintiff's well-pleaded allegations. Additionally, citations to the Amended Complaint herein shall be abbreviated as "Am. Compl., at ¶ [*paragraph number*]."

Hon. Hector Gonzalez, U.S.D.J.
February 19, 2026

Commission ("EEOC") in which she checked the boxes for "disability" and "race" discrimination, as well as "retaliation."[2] *Id.*, at ¶¶ 1, 16; Exhibit "A" attached hereto. However, Plaintiff did not otherwise include any specific factual allegations whatsoever in her Charge; instead, she simply wrote "I would like to request a Notice of Right to Sue." *Id*. The very next day, the EEOC issued her a Dismissal and Notice of Rights. *Id.*, at ¶ 17, and Exhibit "A."

On or about August 18, 2025, Plaintiff commenced this proceeding. On or about September 26, 2025, Plaintiff filed the 17-paragraph Amended Complaint that JetBlue now seeks to dismiss.

## II. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED.

Under a generous reading of her Amended Complaint, it appears that the *pro se* Plaintiff is attempting to assert 5 causes of action under the Americans with Disabilities Act of 1990 ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"): (1) disability discrimination on a disparate treatment theory; (2) disability discrimination on a hostile work environment theory; (3) disability discrimination on a failure-to-accommodate theory; (4) disability discrimination on a failure-to-engage-in-the-interactive-process theory; and (5) retaliation for requesting a reasonable accommodation.[3] These claims fail, and the Amended Complaint should be dismissed, for at least 5 key reasons:

***First***, Plaintiff's ADA claims fail as a matter of law because Plaintiff failed to timely and properly exhaust her administrative remedies. As a preliminary matter, Plaintiff's ADA claims are time-barred because all of the allegedly unlawful conduct she now challenges occurred over 300 days before she filed her Charge with the EEOC. *See Miller v. Amazon.com Servs., LLC*, No. 24-CV-1286, 2025 WL 895417, at *3 (E.D.N.Y. Mar. 24, 2025). Moreover, Plaintiff's mere checking of boxes on her Charge, without including any specific factual allegations whatsoever, was insufficient to exhaust her administrative remedies. *See Mitchell v. City of Miami Beach*, No. 21-CV-22835, 2022 WL 1746919, at *3 (S.D. Fla. May 31, 2022), *aff'd*, No. 22-CV-12139, 2024 WL 140065 (11th Cir. 2024); *Spires v. Dynamic Sec., Inc.*, No. 3:14-CV-01976, 2014 WL 12746778, at *2 (N.D. Ala. Dec. 17, 2014); *Mwabira-Simera v. Thompson Hosp. Servs., LLP*, No. 11-CV-2989, 2012 WL 959383, at *6 (D. Md. Mar. 20, 2012), *aff'd*, 500 F. App'x 234 (4th Cir. 2012).

***Second***, Plaintiff's disability discrimination claims under federal, state, and city law, to the extent premised on a disparate treatment and hostile work environment theory, fail because Plaintiff does not plausibly allege sufficient facts to establish that: (1) she was disabled within the meaning of the ADA, NYSHRL, and/or NYCHRL, *see, e.g.*, *Wood v. ViacomCBS/Paramount*, No. 22-CV-6323, 2024 WL 4451742, at *5 (S.D.N.Y. July 15, 2024), *report and recommendation adopted*, 2024 WL 4263117 (S.D.N.Y. Sept. 23, 2024); *Morren v. New York Univ.*, No. 20-CV-10802, 2022 WL 1666918, at *21 (S.D.N.Y. Apr. 29, 2022), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022); *Marquez v. Starrett City Assocs.*, 406 F. Supp. 3d

---

[2]     Plaintiff does not attach a copy of the Charge to her Amended Complaint or otherwise specify the date on which she filed it, but she does allege in vague and conclusory fashion that she "satisfied all administrative prerequisites, including timely filing with the [EEOC]." *Id.*, at ¶ 1. Accordingly, the Court may take judicial notice of the Charge and its filing date in connection with JetBlue's anticipated motion to dismiss under Fed. R. Civ. P. 12(b) without converting it to a motion for summary judgment. *See Tolani v. Carl C. Burnett Funeral Home, Inc.*, No. 20-CV-2169, 2022 WL 21828624, at *3 (E.D.N.Y. Aug. 9, 2022).

[3]     Plaintiff also purports to assert a separate "[c]onstructive [d]ischarge/[w]rongful [t]ermination" claim, but there is no such independent cause of action. *See Columbo v. Philips Bryant Park LLC*, No. 22-CV-775, 2024 WL 1138942, at *16 (S.D.N.Y. Mar. 15, 2024), *reconsideration denied*, 2024 WL 3227090 (S.D.N.Y. June 28, 2024) (dismissing *pro se* plaintiff's "[w]rongful termination/constructive discharge" claim at the pleadings stage).

Hon. Hector Gonzalez, U.S.D.J.<br>February 19, 2026

197, at \*207 (E.D.N.Y. 2017); or (2) JetBlue terminated her employment, took any adverse employment action against her, subjected her to severe or pervasive harassment, or otherwise treated her less well *because* of her purported disability, *see, e.g.*, *Mitchell v. Planned Parenthood of Greater New York, Inc.*, 745 F. Supp. 3d 68, at \*101 (S.D.N.Y. 2024); *Ray v. Weit*, 13-CV-6416, 2015 WL 1299198, at \*6 (E.D.N.Y. Mar. 20, 2015); *Ortiz v. Standard & Poor's*, 10-CV-8490, 2011 WL 4056901, at \*4 (S.D.N.Y. Aug. 29, 2011).

*Third*, Plaintiff's disability discrimination claims, to the extent premised on a failure-to-accommodate and failure-to-engage-in-the-interactive-process theory, fail because Plaintiff does not plausibly allege sufficient facts to establish that: (1) she was disabled within the meaning of the ADA, NYSHRL, and/or NYCHRL, *see, e.g.*, *Koonce v. Whole Foods Mkt. Grp., Inc.*, No. 22-CV-10418, 2023 WL 8355926, at \*6 (S.D.N.Y. Dec. 1, 2023); *Shankar v. Accenture LLP*, No. 21-CV-3045, 2023 WL 2908660, at \*5 (S.D.N.Y. Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 2557315 (S.D.N.Y. Mar. 17, 2023); (2) the ADA and NYSHRL do not recognize a freestanding failure-to-engage-in-the-interactive-process claim, *see McSweeney v. Cohen*, 776 F. Supp. 3d 200, at \*249 (S.D.N.Y. 2025); and (3) she does not identify a reasonable accommodation that existed and otherwise would have been possible, *see, e.g.*, *Williams v. Dudley*, No. 23-CV-11018, 2025 WL 2842286, at \*7 (S.D.N.Y. Sept. 4, 2025), *report and recommendation adopted*, 2025 WL 2841137 (S.D.N.Y. Oct. 7, 2025); *Smith v. Town of Ramapo*, 745 F. App'x 424 (2d Cir. 2018); *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, at \*419, 420 (S.D.N.Y. 2017). Indeed, Plaintiff does not identify her alleged disability, describe how her alleged disability restricted her ability to perform the essential functions of her role (which she also does not identify), or explain how her alleged accommodation requests would have permitted her to perform those essential job functions. Put more simply, the Amended Complaint does not contain any factual content which suggests that, under the circumstances, JetBlue's alleged response to her accommodation request was unlawful. Instead, the claim is vague, conclusory, and wholly speculative.

*Fourth*, Plaintiff's retaliation claims under federal, state, and city law fail because Plaintiff does not plausibly allege sufficient facts to establish that JetBlue terminated her employment in August 2024 or otherwise subjected her to any adverse employment action *because* she allegedly requested an accommodation in March 2024 – especially not under the federal law's but-for causation standard. *See, e.g.*, *Draghi v. New York City Dep't of Educ.*, No. 24-CV-2920, 2026 WL 73970, at \*7 (E.D.N.Y. Jan. 9, 2026); *Feliciano v. City of New York*, No. 14-CV-6751, 2015 WL 4393163, at \*10 (S.D.N.Y. July 15, 2015).

*Fifth*, JetBlue respectfully submits that, if the Court finds that Plaintiff failed to exhaust her administrative remedies (timely or otherwise) or that her federal claims are substantively meritless, the Court may decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims and dismiss the Amended Complaint in its entirety. *See St. Louis v. New York City Health & Hosp. Corp.*, 682 F. Supp. 2d 216, 238 (E.D.N.Y. 2010).

## III.   CONCLUSION.

We are prepared to further discuss these issues at a pre-motion conference and/or to extensively brief them in formal motion papers, and we await the Court's directions in this regard.

Respectfully submitted,<br><br>*/s/ Raymond J. Berti*<br>Raymond J. Berti

3